IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

2009 FEB 26  P 2: 28

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | No. 2:09-cr-45 |
| DANNY L. PARROTT, | : | 16 U.S.C. §3372(a)(1) |
| | | 16 U.S.C. §3372(a)(2)(A) |
| | : | 16 U.S.C. §3372(d)(2) |
| Defendant. | | 16 U.S.C. §3373(d)(3)(A)(ii) |
| | : | 16 U.S.C. §3373(d)(1)(B) |
| | | 18 U.S.C. §2 |
| | : | 18 U.S.C. §371 |
| | | 18 U.S.C. §1343 |
| | : | |

I N D I C T M E N T

JUDGE MARBLEY

THE GRAND JURY CHARGES:

Persons and Entities

At all times relevant to this Indictment:

1. Defendant, DANNY L. PARROTT, of Kimbolton, Ohio, owned, lived at, and controlled all activities occurring on River Ridge Ranch, a large piece of property located in Guernsey County, Ohio. River Ridge Ranch was an Ohio corporation known as River Ridge Ranch, Inc. River Ridge Ranch, Inc., held a license to operate a wild animal hunting preserve; DANNY L. PARROTT allowed guided whitetail deer hunts to be held on the River Ridge Ranch property. DANNY L. PARROTT advertised this guided hunting service on the internet.

2. Defendant DANNY L. PARROTT also created Whitetail Live, LLC, a corporation which held a real estate license agreement to operate live streaming video cameras upon the property of River Ridge Ranch.

3. Co-conspirator James Schaffer (not named as a defendant in this indictment), of Charleston, South Carolina, created Graham's Turnout Hunt Company, a deer hunting business, to cater to hunters from South Carolina, Georgia, and Florida, among other locations.

4. Graham's Turnout Hunt Company was created to provide guided hunts on a large parcel of land owned by James Schaffer in Bamberg County, South Carolina.

## COUNT 1

### Conspiracy [transportation and false records]

5. From in or about August 2005 through and including November 2005, in the Southern District of Ohio, the defendant, DANNY L. PARROTT, knowingly and willfully conspired and agreed with other individuals, both known and unknown to the Grand Jury, from the Northern District of Florida, the District of South Carolina, the Southern District of Ohio, and elsewhere, to commit offenses against the United States, specifically:

Objective One: To knowingly engage in conduct that involved the sale and purchase of, the offer for sale and purchase of, and the intent to sell and purchase wildlife, specifically Whitetail deer, with a market value greater than $350.00, by transporting, selling, receiving, acquiring, and purchasing the wildlife, in interstate commerce, knowing the wildlife had been taken, possessed, transported, or sold in violation of the laws and regulations of South Carolina, in violation of 16 U.S.C §§ 3372(a)(2)(A), 3373(d)(1)(B).

Objective Two: To knowingly make or submit false records, accounts, and labels for, and false identifications of, wildlife that had been, and was intended to be, transported in interstate commerce in the course of a sale or purchase, offer of sale or purchase, or commission of an act with intent to sell or purchase wildlife with a market value greater than $350.00, in violation of 16 U.S.C. §§ 3372(d)(2),

3373(d)(3)(A)(ii).

6. In order to achieve the objectives of the conspiracy, defendant DANNY L. PARROTT and co-conspirators from the Northern District of Florida, the District of South Carolina, the Southern District of Ohio, and elsewhere:

    (a) purchased Whitetail deer from deer breeders in Ohio and immediately resold them to James Schaffer, a co-conspirator from the District of South Carolina, knowing that Schaffer intended to transport the deer from Ohio to South Carolina;

    (b) failed to obtain the necessary state permits for the importation of deer into South Carolina from Ohio;

    (c) used false travel records/invoices regarding Whitetail deer which records stated that the deer were being transported to Florida when, in fact, the deer were being transported to South Carolina;

    (d) caused the exportation of deer to South Carolina without regard for whether the deer had chronic wasting disease or other illnesses;

    (e) caused the release, introduction, or bringing of the deer into South Carolina for the purpose of creating a herd at Graham's Turnout, and having the deer interact with South Carolina deer;

    (f) caused the release of the deer on Schaffer's property in South Carolina.

### Overt Acts

In furtherance of the conspiracy, and to accomplish its objectives in the Southern District of Ohio and elsewhere, defendant DANNY L. PARROTT, and his co-conspirators, committed and caused to be committed overt acts including, but not limited to, the following:

7. On or about September 1, 2005, defendant DANNY L. PARROTT arranged for James Schaffer to wire transfer $66,250.00 from Charleston, South Carolina, to a First Merit Bank Account in Ohio, to pay PARROTT to acquire the deer that were to be shipped to South Carolina.

8. On or about September 8, 2005, defendant DANNY L. PARROTT assisted in the acquisition of approximately 20 Ohio Whitetail deer, knowing that those deer would be transported, in interstate commerce, to Graham's Turnout Hunt Company in South Carolina, without regard for whether the deer had possible diseases.

9. On or about September 8, 2005, defendant DANNY L. PARROTT made a false record for wildlife which falsely stated that "16 bucks" were being transported to Florida when, in fact, the deer were being transported to Schaffer's land in South Carolina. On said date, DANNY L. PARROTT presented the false record to an employee of Schaffer, as well as to local deer propagators.

10. On or about September 21, 2005, defendant DANNY L. PARROTT assisted in the acquisition of approximately 6 Ohio Whitetail deer, knowing that those deer would be transported, in interstate commerce, to Graham's Turnout Hunt Company in South Carolina, without regard for whether the deer had possible diseases.

11. On or about September 21, 2005, defendant, DANNY L. PARROTT, made a false record for wildlife, which falsely stated that 6 Whitetail deer were being transported to Florida when, in fact, the deer were being transported to Schaffer's land in South Carolina. On that date, DANNY L. PARROTT presented the false record to an employee of Schaffer, as well as to local deer propagators.

12. On or about September 23, 2005, defendant DANNY L. PARROTT assisted in the acquisition of approximately 10 Ohio Whitetail deer, knowing that those deer would be transported, in interstate commerce, to Graham's Turnout Hunt Company in South Carolina, without regard for whether said deer had possible diseases.

13. On or about September 23, 2005, defendant, DANNY L. PARROTT, made a false record for wildlife, which falsely stated that 10 Whitetail deer were being transported to Florida when, in fact,

the deer were being transported to Schaffer's land in South Carolina. On that date, DANNY L. PARROTT presented the false record to an employee of Schaffer, as well as to local deer propagators.

14. On November 22, 2005, Schaffer caused a personal check in the amount of $5,125.00 to be delivered to defendant DANNY L. PARROTT as payment for Whitetail deer. On the same date, defendant PARROTT assisted in the acquisition of approximately 10 Ohio Whitetail deer, knowing that those deer would be transported, in interstate commerce, to Graham's Turnout Hunt Company in South Carolina, without regard for whether said deer had possible diseases.

15. On or about November 22, 2005, defendant, DANNY L. PARROTT, made a false record for wildlife, which falsely stated that 10 Whitetail deer were being transported to Florida when, in fact, the deer were being transported to Schaffer's land in South Carolina. On said date, DANNY L. PARROTT presented said record to an employee of Schaffer, as well as to local deer propagators.

All in violation of 18 U.S.C. § 371.

## COUNT 2

### Conspiracy

16. From in or about August 2005 through and including November 2005, in the Southern District of Ohio, the defendant, DANNY L. PARROTT, knowingly and willfully conspired and agreed with other individuals, both known and unknown to the Grand Jury, from the Northern District of Florida, the District of South Carolina, the Southern District of Ohio, and elsewhere, to commit offenses against the United States, specifically:

Objective: To knowingly engage in conduct that involved the sale and purchase of, the offer for sale and purchase of, and the intent to sell and purchase wildlife, specifically Whitetail deer, with a market value greater than $350.00, by transporting, selling, receiving, acquiring, and purchasing said

wildlife, knowing said wildlife had been taken, possessed, transported, or sold in violation of the laws and regulations of the United States of America, to wit: 9 C.F.R. Section 77.27 in violation of 16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(B).

17. In order to achieve the objective of the conspiracy, defendant DANNY L. PARROTT and co-conspirators from the Northern District of Florida, the District of South Carolina, the Southern District of Ohio, and elsewhere:

   (a) purchased Whitetail deer from deer breeders in Ohio and immediately resold them to James Schaffer, a co-conspirator from the District of South Carolina, knowing that Schaffer intended to transport the deer in interstate commerce;

   (b) knew the deer were being transported in interstate commerce without having been tested for tuberculosis.

### Overt Acts

In furtherance of the conspiracy, and to accomplish its objectives in the Southern District of Ohio and elsewhere, defendant DANNY L. PARROTT, and his co-conspirators, committed and caused to be committed overt acts including, but not limited to, the following:

18. On or about September 1, 2005, defendant DANNY L. PARROTT arranged for Schaffer to wire transfer $66,250.00 from Charleston, South Carolina, to a First Merit Bank Account in Ohio, to pay PARROTT to acquire the deer that were to be shipped in interstate commerce.

19. On or about September 8, 2005, defendant DANNY L. PARROTT assisted in the acquisition of approximately 20 Ohio Whitetail deer, knowing that those deer would be transported in interstate commerce and knowing the deer had not been tested for tuberculosis.

20. On or about September 21, 2005, defendant DANNY L. PARROTT assisted in the acquisition of approximately 6 Ohio Whitetail deer, knowing that those deer would be transported in

interstate commerce and knowing the deer had not been tested for tuberculosis.

21. On or about September 23, 2005, defendant DANNY L. PARROTT assisted in the acquisition of approximately 10 Ohio Whitetail deer, knowing that those deer would be transported in interstate commerce and knowing the deer had not been tested for tuberculosis.

22. On November 22, 2005, Schaffer caused a personal check in the amount of $5,125.00 to be delivered to defendant DANNY L. PARROTT as payment for Whitetail deer. On the same date, defendant PARROTT assisted in the acquisition of approximately 10 Ohio Whitetail deer, knowing that those deer would be transported in interstate commerce and knowing the deer had not been tested for tuberculosis.

All in violation of 18 U.S.C. § 371.

## COUNT 3

### Lacey Act Violation (labeling offense)

23. On or about September 8, 2005, in the Southern District of Ohio and elsewhere, defendant DANNY L. PARROTT did knowingly make or submit, or aid and abet in the making or submission of, false records, accounts, and labels for, and false identifications of, wildlife that had been, and was intended to be, transported in interstate commerce in the course of a sale or purchase, offer of sale or purchase, or commission of an act with intent to sell or purchase wildlife with a market value greater than $350.00; specifically, DANNY L. PARROTT used false travel records/invoices stating that 20 Whitetail deer were being transported to Florida when, in fact, the deer were being transported to South Carolina.

In violation of 16 U.S.C. §§ 3372(d)(2), 3373(d)(3)(A)(ii); 18 U.S.C. § 2.

## COUNT 4

### Lacey Act Violation (labeling offense)

24. On or about September 21, 2005, in the Southern District of Ohio and elsewhere, defendant DANNY L. PARROTT did knowingly make or submit, or aid and abet in the making or submission of, false records, accounts, and labels for, and false identifications of, wildlife that had been, and was intended to be, transported in interstate commerce in the course of a sale or purchase, offer of sale or purchase, or commission of an act with intent to sell or purchase wildlife with a market value greater than $350.00; specifically, DANNY L. PARROTT used false travel records/invoices stating that 6 Whitetail deer were being transported to Florida when, in fact, the deer were being transported to South Carolina.

In violation of 16 U.S.C. §§ 3372(d)(2), 3373(d)(3)(A)(ii); 18 U.S.C. § 2.

## COUNT 5

### Lacey Act Violation (labeling offense)

25. On or about September 23, 2005, in the Southern District of Ohio and elsewhere, defendant DANNY L. PARROTT did knowingly make or submit, or aid and abet in the making or submission of, false records, accounts, and labels for, and false identifications of, wildlife that had been, and was intended to be, transported in interstate commerce in the course of a sale or purchase, offer of sale or purchase, or commission of an act with intent to sell or purchase wildlife with a market value greater than $350.00; specifically, DANNY L. PARROTT used false travel records/invoices stating that 10 Whitetail deer were being transported to Florida when, in fact, the deer were being transported to South Carolina.

In violation of 16 U.S.C. §§ 3372(d)(2), 3373(d)(3)(A)(ii); 18 U.S.C. § 2.

## COUNT 6

### Lacey Act Violation (labeling offense)

26. On or about November 22, 2005, in the Southern District of Ohio and elsewhere, defendant DANNY L. PARROTT did knowingly make or submit, or aid and abet in the making or submission of, false records, accounts, and labels for, and false identifications of, wildlife that had been, and was intended to be, transported in interstate commerce in the course of a sale or purchase, offer of sale or purchase, or commission of an act with intent to sell or purchase wildlife with a market value greater than $350.00; specifically, DANNY L. PARROTT used false travel records/invoices stating that 10 Whitetail deer were being transported to Florida when, in fact, the deer were being transported to South Carolina.

In violation of 16 U.S.C. §§ 3372(d)(2), 3373(d)(3)(A)(ii); 18 U.S.C. § 2.

## COUNT 7

### Lacey Act Violation (interstate commerce offense)

27. On or about September 8, 2005, in the Southern District of Ohio and elsewhere, defendant DANNY L. PARROTT did knowingly engage in conduct, or did aid, abet, and counsel the commission of conduct, that involved the sale and purchase of, the offer for sale and purchase of, and the intent to sell and purchase wildlife, specifically 20 Whitetail deer, with a market value greater than $350.00, by transporting, selling, receiving, acquiring, and purchasing the wildlife, in interstate commerce, knowing said wildlife had been taken, possessed, transported, or sold in violation of the laws or regulations of South Carolina, that is that the wildlife was taken, possessed, transported, or sold in violation of S.C. Code Ann. § 50-16-20(A).

In violation of 16 U.S.C. §§ 3372(a)(2)(A), 3373(d)(1)(B); 18 U.S.C. § 2.

## COUNT 8

### Lacey Act Violation (interstate commerce offense)

28. On or about September 21, 2005, in the Southern District of Ohio and elsewhere, defendant DANNY L. PARROTT did knowingly engage in conduct, or did aid, abet, and counsel the commission of conduct, that involved the sale and purchase of, the offer for sale and purchase of, and the intent to sell and purchase wildlife, specifically 6 Whitetail deer, with a market value greater than $350.00, by transporting, selling, receiving, acquiring, and purchasing said wildlife, in interstate commerce, knowing said wildlife had been taken, possessed, transported, or sold in violation of the laws or regulations of South Carolina, that is that the wildlife was taken, possessed, transported, or sold in violation of S.C. Code Ann. § 50-16-20(A).

In violation of 16 U.S.C. §§ 3372(a)(2)(A), 3373(d)(1)(B); 18 U.S.C. § 2.

## COUNT 9

### Lacey Act Violation (interstate commerce offense)

29. On or about September 23, 2005, in the Southern District of Ohio and elsewhere, defendant DANNY L. PARROTT did knowingly engage in conduct, or did aid, abet, and counsel the commission of conduct, that involved the sale and purchase of, the offer for sale and purchase of, and the intent to sell and purchase wildlife, specifically 10 Whitetail deer, with a market value greater than $350.00, by transporting, selling, receiving, acquiring, and purchasing said wildlife, in interstate commerce, knowing said wildlife had been taken, possessed, transported, or sold in violation of the laws or regulations of South Carolina, that is that the wildlife was taken, possessed, transported, or sold in violation of S.C. Code Ann. § 50-16-20(A).

In violation of 16 U.S.C. §§ 3372(a)(2)(A), 3373(d)(1)(B); 18 U.S.C. § 2.

## COUNT 10

### Lacey Act Violation (interstate commerce offense)

30. On or about November 22, 2005, in the Southern District of Ohio and elsewhere, defendant DANNY L. PARROTT did knowingly engage in conduct, or did aid, abet, and counsel the commission of conduct, that involved the sale and purchase of, the offer for sale and purchase of, and the intent to sell and purchase wildlife, specifically 10 Whitetail deer, with a market value greater than $350.00, by transporting, selling, receiving, acquiring, and purchasing said wildlife, in interstate commerce, knowing said wildlife had been taken, possessed, transported, or sold in violation of the laws or regulations of South Carolina, that is that the wildlife was taken, possessed, transported, or sold in violation of S.C. Code Ann. § 50-16-20(A).

In violation of 16 U.S.C. §§ 3372(a)(2)(A), 3373(d)(1)(B); 18 U.S.C. § 2.

## COUNT 11

### Lacey Act Violation (interstate commerce offense)

31. On or about September 8, 2005, in the Southern District of Ohio and elsewhere, defendant DANNY L. PARROTT did knowingly engage in conduct, or did aid, abet, and counsel the commission of conduct, that involved the sale and purchase of, the offer for sale and purchase of, and the intent to sell and purchase wildlife, specifically 20 Whitetail deer, with a market value greater than $350.00, by transporting, selling, receiving, acquiring, and purchasing said wildlife, knowing said wildlife had been taken, possessed, transported, or sold in violation of the laws or regulations of the United States, that is that the wildlife was taken, possessed, transported, or sold in violation of 9 C.F.R. § 77.27.

In violation of 16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(B); 18 U.S.C. § 2.

## COUNT 12

### Lacey Act Violation (interstate commerce offense)

32. On or about September 21, 2005, in the Southern District of Ohio and elsewhere, defendant DANNY L. PARROTT did knowingly engage in conduct, or did aid, abet, and counsel the commission of conduct, that involved the sale and purchase of, the offer for sale and purchase of, and the intent to sell and purchase wildlife, specifically 6 Whitetail deer, with a market value greater than $350.00, by transporting, selling, receiving, acquiring, and purchasing said wildlife, knowing said wildlife had been taken, possessed, transported, or sold in violation of the laws or regulations of South Carolina, that is that the wildlife was taken, possessed, transported, or sold in violation of 9 C.F.R. § 77.27.

In violation of 16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(B); 18 U.S.C. § 2.

## COUNT 13

### Lacey Act Violation (interstate commerce offense)

33. On or about September 23, 2005, in the Southern District of Ohio and elsewhere, defendant DANNY L. PARROTT did knowingly engage in conduct, or did aid, abet, and counsel the commission of conduct, that involved the sale and purchase of, the offer for sale and purchase of, and the intent to sell and purchase wildlife, specifically 10 Whitetail deer, with a market value greater than $350.00, by transporting, selling, receiving, acquiring, and purchasing said wildlife, knowing said wildlife had been taken, possessed, transported, or sold in violation of the laws or regulations of South Carolina, that is that the wildlife was taken, possessed, transported, or sold in violation of 9 C.F.R. § 77.27.

In violation of 16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(B); 18 U.S.C. § 2.

## COUNT 14

### Lacey Act Violation (interstate commerce offense)

34. On or about November 22, 2005, in the Southern District of Ohio and elsewhere, defendant DANNY L. PARROTT did knowingly engage in conduct, or did aid, abet, and counsel the commission of conduct, that involved the sale and purchase of, the offer for sale and purchase of, and the intent to sell and purchase wildlife, specifically 10 Whitetail deer, with a market value greater than $350.00, by transporting, selling, receiving, acquiring, and purchasing said wildlife, knowing said wildlife had been taken, possessed, transported, or sold in violation of the laws or regulations of South Carolina, that is that the wildlife was taken, possessed, transported, or sold in violation of 9 C.F.R. § 77.27.

In violation of 16 U.S.C. §§ 3372(a)(1), 3373(d)(1)(B); 18 U.S.C. § 2.

## COUNT 15

### Wire Fraud

35. From on or about August 2005 to on or about November 2005, in the Southern District of Ohio, the defendant, DANNY L. PARROTT, did devise and execute a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations, and promises, and in furtherance of the scheme, did use and cause to be used interstate wire communications to transfer funds in furtherance of his scheme.

36. It was a part of DANNY L. PARROTT's scheme and artifice to defraud that he engaged in the purchase of, the offer for sale and purchase of, and the intent to sell and purchase wildlife, specifically Whitetail deer, by arranging for the transporting, selling, receiving, acquiring, and purchasing said wildlife, in interstate commerce, knowing said wildlife had been taken, possessed,

transported, or sold in violation of the laws and regulations of South Carolina, in violation of 16 U.S.C. §§ 3372(a)(2)(A), 3373(d)(1)(B).

37. It was a part of DANNY L. PARROTT's scheme and artifice to defraud that he made false records, accounts, and labels for, and false identifications of, wildlife that had been, and was intended to be, transported in interstate commerce in the course of a sale or purchase, offer of sale or purchase, in violation of 16 U.S.C. §§ 3372(d)(2), 3373(d)(3)(A).

38. Paragraphs 1 through 34 of this Indictment are hereby incorporated by reference as part of this count of the Indictment as if fully set forth herein and constitute conduct in furtherance of defendant DANNY L. PARROTT's artifice and scheme to defraud.

39. On or about September 1, 2005, in the Southern District of Ohio, defendant DANNY L. PARROTT for the purpose of executing the aforesaid scheme and artifice to defraud and attempting to do so, and for obtaining property by means of false and fraudulent pretenses, misrepresentations and promises, did knowingly cause to be transmitted, or did aid, abet, counsel, and procure the commission of the transmission, by Schaffer, by means of wire communication in interstate commerce, namely, an electronic bank transfer of money, a sum of money in the amount of $66,250.00, transferred from Bank

of America, account number 0007 2936 4958, in Charleston, South Carolina, to a First Merit Bank Account in Ohio, account number 4133043937.

In violation of 18 U.S.C. §§ 1343 and 2.

Dated: February 26, 2009

A TRUE BILL.

s/foreperson
FOREPERSON

GREGORY G. LOCKHART
United States Attorney

GARY L. SPARTIS (0023428)
Deputy Criminal Chief