# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | Case No. 2:09-cr-45 |
| v. : | JUDGE ALGENON L. MARBLEY |
| : | |
| DANNY L. PARROTT, : | |
| : | |
| Defendant. : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court the Government's Motion in Limine (Dkt. 20) and the Government's Motion in Limine (Dkt. 21). For the reasons set forth herein, the Government's Motions are **GRANTED** in part and **DENIED** in part.

### II. LAW AND ANALYSIS

The Government seeks to prevent Danny L. Parrott ("Parrott") from introducing any evidence arguing in support of an affirmative defense, where the defense does not exist as a matter of law. Specifically, the Government wants to prevent Parrott from presenting evidence that the Whitetail deer were supposed to have been shipped to Florida. The government argues that this can not serve as an affirmative defense to Counts 2, and 11 through 14, the counts pertaining to untested deer. If the deer were not tested, and the defendant knew they were not tested before the deer crossed the Ohio border, then the destination of the deer is irrelevant. 9 C.F.R. § 77.27; 16 U.S.C. § 3372(a)(1).

The Government's Motion in Limine is **GRANTED** in part and **DENIED** in part. Parrott will be prohibited from raising evidence regarding a Florida destination of the deer to

Counts 11 through 14. Parrott will be permitted to present evidence regarding a Florida destination as to other Counts in the Indictment, where alleged offenses make reference to any false statements made by Parrott. As the issue of the Florida destination is tied to other counts of the indictment and will be discussed throughout the trial, this Court may issue a limiting instruction as necesary.

The Government has also moved to have this Court adopt the changes in the Amended Indictment to replace references to "South Carolina" with "United States" in Counts 12, 13, and 14. Parrott has agreed to accept the Amended Indictment with the above changes. Therefore, the Government's Motion is **GRANTED**. Under Rule 7(b), a defendant can consent to an amendment of an indictment and waive re-indictment by the grand jury. However, the waiver should be in court and on the record, such that the waiver is knowing and voluntary. Short v. United States, 471 F.3d 686, 693-95 (6th Cir. 2006). Before trial and on the record, Parrott will be given an opportunity to consent to the Amended Indictment and waive re-indictment by the grand jury

### III. CONCLUSION

For the foregoing reasons, the Government's Motion in Limine (Dkt. 20) is **GRANTED** in part and **DENIED** in part, and the Government's Motion in Limine (Dkt. 21) is **GRANTED**. The trial date has been previously set forth in this Court's September 10, 2009 Order (Dkt. 32).

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: September 25, 2009**